# The Ohio Law Abstract

A Budget of Constant Useful and Concise Information for Judges, Lawyers, Public and Other Officials, Bankers and Business Men.

CHIEF EDITOR    -    -    -    - W. J. TOSSELL

President and Business Manager, J. F. Laning.
Secretary and Treasurer    -    S. R. Laning
Circulation Manager    -    - Sam H. Torrey

SUBSCRIPTION PRICES and TERMS
Per year (50 issues)............................$15.00
Address all communications to:

The Law Abstract Co., 203 St. Clair Ave.
Cleveland, O.

## SUPREME COURT of U. S.
### No New Ohio Cases This Week

## COURT OF APPEALS of U. S.
### CINCINNATI
### U. S. COURT OF APPEALS, SIXTH CIRCUIT

### No. 271
### PRETTYMAN v. PENNSYLVANIA CO.
U. S. Court of Appeals, Sixth Circuit
No. 3631.  Nov. 7, 1922.  284 Fed. Rep. 562

**MASTER AND SERVANT**—Section hand killed by train on a crossing railroad—Company held not liable.

This was an action at law brought in the district court at Cleveland by Ida Prettyman, Admx., against the Penna. Co.  Judgment was given for defendant, to reverse which the plaintiq prosecuted error.

KNAPPEN, DENISON and DONAHUE, Cir. Judges.

Error to the District Court at Cleveland.
Westenhaver, District Judge

#### Epitomized Opinion
KNAPPEN, Circuit Judge:

Defendant's tracts, at Marion, Ohio, intersect, at right angles, three tracks which substantially parallel each other, the distance across the three being about 25 feet.  Its track gang had been working at the intersection of the Big Four and Penna.  The job being nearly completed, two of the men were left to finish, and carry the tools across the other two tracks and load them on to a car, which was then to be driven to the place where the other men had gone to work, a short distance away.  One load was carried to the car, and in getting the remainder, while crossing the Erie tracks, the decedent was struck by an engine and was killed.  The negligence asserted is (1) failure to furnish a safe place to work, and (2), failure to protect the decedent, in crossing the tracks, either by guards or by proper rules and regulations.

At the conclusion of plaintiff's testimony, the trial judge directed a judgment for defendant for lack of proof of actionable negligence proximately causing decedent's death.  The Court of Appeals held:

The action occurred in the afternoon, and in broad daylight.  His work at the intersection was complete. In carrying the tools across the track he is not shown to have been in a position where his attention would naturally be diverted from the dangers always present at track intersections, nor would he seem normally to have been so engrossed in his work as to produce that result, nor was such shown to be the fact.  No authorities are cited, which, under the facts of this case, seem to sustain the contention that the action occurred through any negligenct on defendant's part.  The trial court properly held that there was no substantial evidence of any negligence on defendant's part causing or contributing to the accident, and the verdict for the defendant was thus properly directed.

This action was not in conflict with Nelson v. Cultivator Co., 188 Fed. 620, that a verdict should not be directed for defendant merely because the trial judge feels that, should the jury find in plaintiff's favor, he would regard it his duty, in the exercise of a sound judicial discretion, to set the verdict aside

The error assigned upon denial of a motion for a new trial, has not been argued here.  The judgmen of the district court is affirmed.

Attorneys—C. H. Hendel, Mansfield (Carl J Gugler, Galion, and Brucker & Henkel, Mansfield, on brief), for Prettyman; W. C. Boyle, Cleveland (Squire, Sanders & Dempsey on brief), for Rail road.

### No. 272
### EAST LIVERPOOL v. PITT CONST. CO.
U. S. Court of Appeals, Sixth Circuit
No. 3685.  Dec. 5, 1922

**CONTRACTS**—(1) Contemplation of parties not sole test in determining reasonable time for completion of—(2) Conditions met during performance must be considered in determining reasonable time—(3) Possibility of foreseeing difficulties does not exclude their consideration—(4) In a reviewing court testimony must be interpreted most favorably to appellee.

#### Epitomized Opinion
Error to U. S. District Court
KNAPPEN, J.

The Pitt Construction Co. contracted with the city to build certain superstructures for a pumping station, the work to be completed April 28, 1916. The city consented to a delay by another construction company in the completion of certain other work upon the prompt completion of which depended the ability of the Pitt Co. to perform its contract.  By this action it is conceded that the time limit of performance was waived and the contract was construed as calling for performance within a reasonable time.  The Circuit Court of Appeals gives its opinion on the determination of reasonable time and on the claim of errors committed in the lower court.  Held by Circuit Court of Appeals in reversing judgment for the Pitt Co.:

1. Although the time anticipaed by the parties to a contract for superstructure of a building as to the time within which the foundations would be completed is normally a test of reasonable time, it is not the sole or final test.

2. Conditions met during performance must be considered in determining reasonable time for completion of a building contract and an instruction by the lower court which did not so state was error.

3. The possibility of foreseeing difficulties does not exclude their consideration in determining reasonable time of completing building contract if diligence is used.

4. On writ of error to review a judgment the testimony must be viewed in the light most favorable to appellee.

Attorneys—Perry L. Rigby, Clan Crawford and Squire, Sanders & Dempsey, for City; W. B. Turner, Lones, Hill & Davidson and E. H. & W. B. Turner, for the Pitt Co.